UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| NICK LECLAIR, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:17-CV-57 |
| | § | |
| DEPARTMENT OF FAMILY | § | |
| PROTECTIVE SERVICES, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMEDATION

Plaintiffs Nick LeClair and Emily Whipple have sued Defendants Bernadette Molina, Michelle Abundez, Carmen Avalos, three unidentified police officers (Officer Does), and the City of Corpus Christi (the City) for violation of their constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiffs also allege that Defendants committed the state common-law torts of intentional infliction of emotional distress and abuse of process. Pending is a motion to dismiss by the City of Corpus Christi (D.E. 34) to which Plaintiffs did not respond. For the reasons discussed more fully below, it is recommended that the City's motion to dismiss be granted.

## JURISDICTION AND VENUE

This court has jurisdiction pursuant to 28 U.S.C. § 1331.

## BACKGROUND

Plaintiffs' factual allegations were set forth in great detail in the Memorandum and Recommendation this date (D.E. 37) will be repeated here only to the extent that they relate to the involvement of the Officer Does, who were employees of the City's police

department. Plaintiffs are the parents of a child, I.L., who was born two months prematurely on September 26, 2015 (D.E. 29 at p. 7). Plaintiffs and I.L. moved to Corpus Christi in December 2016 so that Whipple could take a job at a local hospital. They lived in hotels while looking for an apartment (*Id.* at p. 8). While Whipple was training at the hospital, a person reported to the Texas Department of Family and Protective Services (DFPS) that Plaintiffs and I.L. were living in their car in the hospital parking lot (*Id.*).

On December 15, 2016, an investigator from DFPS went to the hospital but found no evidence of a family living in the parking lot (*Id.* at 8-9). The next day, shortly after LeClair dropped Whipple off at work, he was in the hospital parking garage when three police cars approached his vehicle and parked in such a way that LeClair could not leave (*Id.* at p. 9). Officer Doe 1 told LeClair that they were there to intervene on behalf of the child (*Id.*).

LeClair, holding his child and a video camera, met the Officer Does and Defendant Avalos in the middle of the garage. Molina read to LeClair allegations that I.L. was wearing dirty clothes, appeared severely malnourished, had dirty fingernails, and was covered in flea bites. LeClair pointed out that I.L. was chubby, wearing clean clothes, had a clean diaper, and no bite marks. LeClair told Molina that I.L. was breast fed and also ate baby food. Molina told LeClair that DFPS had received reports that Plaintiffs were homeless and LeClair told Molina that they slept at hotels (*Id.*).

Molina told LeClair that he had to turn over I.L. so that he could be seen by a doctor for a physical evaluation. Alternatively, she said LeClair could follow her to the

emergency room for the child to be evaluated by a doctor there (*Id.* at pp. 9-10). LeClair protested that the claims were unfounded and Police Officer Doe 1 told him that it did not matter that the claims were unfounded (*Id.* at p. 10). LeClair offered to take the child to a doctor of his choosing, but all the Defendants told him that he had to first take the child to the doctor chosen by DFPS (*Id.*).

LeClair then said that he wanted to get his own doctor but would not go anywhere without his wife and began to put I.L. in the car seat so he could find his wife. Molina tried to grab the car seat and LeClair told her to "back off," and she did (*Id.* at pp. 10-11). The officers were blocking LeClair's car so he asked Molina to get Whipple but she refused. Police Officer Doe 2 offered to pick Whipple up and did so. The officer put Whipple in the back of his patrol car in front of her coworkers and supervisors to drive her back to the parking garage (*Id.* at p. 11).

Whipple joined the others and heard the allegations. When Whipple asked if Molina had a warrant or a court order to take the child, Molina conceded that she did not (*Id.*). Molina then called her supervisor and returned to the group to ask Whipple which unit she worked for in the hospital. Molina explained that if Whipple did not answer her telephone in the future, Molina would track her down at her job (*Id.* at pp. 11-12). Whipple asked her not to do that because it would make Whipple look unprofessional and as if she were not taking care of her own child (*Id.*).

Police Officer Doe 1 gave Plaintiffs an "event number" and told them they could obtain a copy of the police report and the body camera footage of the incident. The four Defendants left the garage at that point (*Id.* at p 12). On January 4, 2017 LeClair went to

the police station to obtain a copy of the report and video and was told that it was unavailable (*Id.*).

The investigation continued and Plaintiffs had further interactions with the other Defendants, but no further interactions with the Officer Does. Plaintiff has named the City as a Defendant, presumably based on the conduct of the Officer Does in the parking garage. The investigation culminated in Plaintiffs having I.L. examined by two doctors and agreeing to an inspection of their home, following which the allegations of negligence were dismissed.

Plaintiffs filed this action in federal court on February 9, 2017 and filed an amended complaint on July 3, 2017, asserting the following causes of action: (1) all Defendants violated Plaintiffs' Fourteenth Amendment right to familial association when they attempted to seize I.L. without a warrant; (2) Molina, Abundez, Avalos, and Officer Does 1 and 3 violated Plaintiffs' Fourteenth Amendment Right to Substantive Due Process; (3) all Defendants violated Plaintiffs' civil rights by intentional infliction of emotional distress; and (4) all Defendants violated Plaintiffs' civil rights by engaging in abuse of process.

In its motion to dismiss, the City argues that (1) it is entitled to dismissal pursuant to Fed. R. Civ. P. 8(a)(2) because Plaintiffs make no allegations against the City and do not articulate facts showing they have any plausible legal claim against the City; (2) it is entitled to dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim; and (3) Plaintiffs have failed to plead facts sufficient to state a claim that the City is liable for any wrongdoing under *Monell v. Dept. of Soc. Servs. of N.Y.*, 436 U.S. 658 (1978).

## APPLICABLE LAW

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the formal sufficiency of the statement of a claim for relief. It is not a procedure for resolving disputes about the facts or the merits of a case. In ruling on a motion to dismiss, the court must accept the factual allegations of the complaint as true, view them in a light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. *Hines v. Alldredge*, 783 F.3d 197, 200-201 (5th Cir. 2015).

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to prove the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the assumption are true (even if doubtful in fact) . . . .

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-555 (2007)(internal citations and quotations omitted).

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court held the following:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Twombly*], 550 U.S. at 570, 127 S.Ct. at 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557, 127 S.Ct. 1955.

*Iqbal*, 556 U.S. at 678.  Accordingly, in order to survive a motion to dismiss, a plaintiff's complaint must allege enough facts to show that a plausible claim for relief exists on the face of the pleading.

Plaintiffs in this case name the City as a defendant and allege that the City, through its police department, is subject to civil liability under *Monell*, presumably for the actions of the Officer Does.  A municipality can be found liable under § 1983 only where the municipality itself causes the constitutional violation at issue.  *Respondeat superior*, or vicarious liability, will not attach under § 1983.  *Monell*, 436 U.S. at 691.

A city can be held liable for the actions of a tortfeasor in its employment when it is the "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, [that] inflicts the injury."  *Id.* at 694.  Additionally, inadequate police training or supervision can be the basis of city liability under § 1983 if the failure to train amounts to deliberate indifference to the constitutional rights of persons with whom the police come into contact.  *City of Canton v. Harris*, 489 U.S. 378, 388 (1989).

A proper analysis involves two issues: "'(1) whether plaintiff's harm was caused by a constitutional violation, and (2) if so, whether the City is responsible for that violation.'" *Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 426 (5th Cir. 2006) (quoting *Collins v. City of Harker Heights*, 503 U.S. 115, 120 (1992)).  In this case, Plaintiffs have pleaded no facts alleging that the City has customs, policies, practices, or procedures which make it responsible for any claim asserted against the Officer Does.  Nor have they alleged facts showing that the City has failed to discipline or train officers, lacks proper policies to

prevent constitutional violations, or hires unqualified officers. Without doing so, they have failed to state a claim against the City. Therefore, it is recommended that the City's motion to dismiss be granted and Plaintiffs' cause of action against it be dismissed.

## RECOMMENDATION

Based on the foregoing, it is respectfully recommended that the City's motion to dismiss (D.E. 34) be GRANTED and Plaintiffs' cause of action against the City of Corpus Christi be dismissed for failure to state a claim.

Respectfully submitted this 11th day of December, 2017.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).